INGRAM et al., Appellees,

v.

ADENA HEALTH SYSTEM et al., Appellants.

[Cite as *Ingram v. Adena Health Sys.*, 149 Ohio App.3d 447, 2002-Ohio-4878.]

Court of Appeals of Ohio,
Fourth District, Ross County.

No. 02CA2652.

Decided Sept. 17, 2002.

Palmer, Volkema & Thomas, Daniel R. Volkema and Michael S. Miller, for appellees.

Reminger & Reminger Co., L.P.A., Brant E. Poling, Kevin P. Collins and Michael Romanello, for appellants.

---

KLINE, Judge.

{¶ 1} Phillip Prior, M.D. appeals from the Ross County Common Pleas Court's discovery order, which compelled him to produce (1) the names of any drugs to which he was addicted from 1991 through 1999 and (2) the name of any person, company, or institution that rendered treatment to him for drug or alcohol use, abuse, or addiction from 1991 through 1999. He asserts that this information is statutorily privileged under R.C. 2317.02 and R.C. 3793.13. We disagree because the information requested is not a "communication" that is protected under R.C. 2317.02, and because he waived his R.C. 3793.13 argument by not raising it in the trial court. Finally, he claims that the information requested is not discoverable because of Civ.R. 26. We do not reach this issue because the privilege issue is the only part of the trial court's order that comports with the definition of "final order" pursuant to R.C. 2505.02(B). Accordingly, we affirm the judgment of the trial court.

I

{¶ 2} George Ingram had his spleen removed, which rendered him more susceptible to the pneumococcal virus. Ingram became infected with the pneumococcal virus and lost parts of all four of his limbs by amputation. The infection also caused damage to his kidney, which resulted in a kidney transplant after years of dialysis.

{¶ 3} Ingram filed a complaint in the common pleas court alleging that Dr. Prior, Dr. Kimber Jones, and Adena Health Systems were negligent in failing to administer a pneumococcal vaccination to protect him from postsplenectomy pneumococcal infection. Prior, Jones, and Adena filed an answer denying all allegations of medical negligence and causation.

{¶ 4} During discovery, Ingram requested material concerning Prior's alleged drug and alcohol rehabilitation. Prior, Jones, and Adena filed a motion for protective order or in the alternative to quash subpoenas, which were aimed at securing this information. They objected on the basis that the information Ingram sought was protected by the physician-patient privilege contained in R.C. 2317.02. Eventually, Prior, Jones, and Adena filed a notice of appeal in our court. We held that the issue was not a final appealable order pursuant to R.C. 2505.02.

*Ingram v. Adena Health Sys.* (2001), 144 Ohio App.3d 603, 761 N.E.2d 72. Specifically, we determined that the "substantial rights" requirement would be met only after an in-camera inspection and subsequent order from the trial court compelling disclosure.

{¶ 5}   On remand the trial court followed our instructions and issued a journal entry, dated February 15, 2002, which compels Prior to produce the following:

{¶ 6}   "5. The names of any drugs to which Dr. Prior was addicted to from 1991 through 1999.

{¶ 7}   "6. The name of any person, company or institution that rendered treatment to Dr. Prior for drug or alcohol use, abuse or addiction from 1991 through 1999."

{¶ 8}   Prior appeals from the trial court's order and asserts the following two assignments of error: (1) "The Trial Court erred in ordering Defendant–Appellant Phillip Prior, M.D. to produce the names of health care providers, which were statutorily privileged pursuant to Ohio Revised Code [Sections] 2317.02 and 3793.13."   (2) "The Trial Court erred in ordering Defendant–Appellant Phillip Prior, M.D. to produce the names of any substances to which Dr. Prior may have been addicted, which is statutorily privileged pursuant to Ohio Revised Code [Sections] 2317.02 and 3793.13."

## II

{¶ 9}   Prior argues in both assignments of error that he does not have to produce the names of (1) health care providers or (2) drugs to which he was addicted, because this information falls under the physician-patient privilege in R.C. 2317.02(B).   Prior asserts that he would have communicated the name of any substance to which he was addicted "to the treatment professionals and would have done so solely for the purposes of diagnosis and treatment."   Ingram claims that the names he seeks in discovery are not privileged because the names are not "communications" as that word is used in R.C. 2317.02.   Ingram maintains that R.C. 2317.02(B) protects only communications, not the underlying facts.   We agree with Ingram.

{¶ 10}   We review a trial court's discovery ruling under an abuse-of-discretion standard.   See, e.g., *Tracy v. Merrell Dow Pharmaceuticals* (1991), 58 Ohio St.3d 147, 569 N.E.2d 875.   "Regulation of pre-trial discovery matters concerning privilege is also governed by an abuse of discretion standard." *Wagner v. Marietta Area Health Care, Inc.* (Mar. 16, 2001), Washington App. No. 00CA17, 2001 WL 301423.

{¶ 11}   R.C. 2317.02(B)(1) provides that a physician may not testify as to "a communication made to the physician or dentist by a patient in that relation or

the physician's * * * advice to a patient." R.C. 2317.02(B)(5)(a) states the following:

{¶ 12} "As used in divisions (B)(1) to (4) of this section, 'communication' means acquiring, recording, or transmitting any information, in any manner, concerning any facts, opinions, or statements necessary to enable a physician or dentist to diagnose, treat, prescribe, or act for a patient. A 'communication' may include, but is not limited to, any medical or dental, office, or hospital communication such as a record, chart, letter, memorandum, laboratory test and results, x-ray, photograph, financial statement, diagnosis, or prognosis."

{¶ 13} The Ohio Supreme Court has held that R.C. 2317.02 must be strictly construed. *Weis v. Weis* (1947), 147 Ohio St. 416, 34 O.O. 350, 72 N.E.2d 245, paragraph four of the syllabus (discussing G.C. 11494, the predecessor to R.C. 2317.02[B] ). R.C. 2317.02 "does not prevent testimony by a physician as to the fact that he was consulted in a professional capacity by a person on a certain date." *Jenkins v. Metro. Life Ins. Co* (1961), 171 Ohio St. 557, 15 O.O.2d 14, 173 N.E.2d 122, paragraph two of the syllabus. The *Jenkins* court stated that R.C. 2317.02 applies only to "communications."

{¶ 14} The attorney-client privilege cases apply to the physician-patient privilege cases because R.C. 2317.02 confers both privileges. The attorney-client privilege does not prevent disclosure of the underlying fact, it only protects against compelled disclosure of the communications. *State v. Hoop* (1999), 134 Ohio App.3d 627, 640, 731 N.E.2d 1177; *Tyes v. St. Luke's Hosp.* (Dec. 2, 1993), Cuyahoga App. No. 65394, 1993 WL 497026. Likewise, the federal attorney-client privilege does not prevent disclosure of the underlying fact; it only prevents disclosure of the communications. *Upjohn Co. v. United States* (1981), 449 U.S. 383, 395, 101 S.Ct. 677, 66 L.Ed.2d 584.

{¶ 15} Here, Ingram is not asking Prior to disclose something that (1) he communicated to a physician or (2) a physician communicated to him. Also, Ingram's request did not seek medical records created by Prior's physician. Instead, Ingram is asking for the disclosure of the names of Prior's health care providers and names of drugs to which Prior was addicted. Hence, Ingram's request does not seek "communications" as that word is defined in R.C. 2317.02(B)(5)(a). Consequently, the information requested is not privileged. *Jenkins,* supra.

{¶ 16} Prior cites *Binkley v. Allen* (Feb. 5, 2001), Stark App. No. 2000CA00160, 2001 WL 111772, in support of his argument. We are not persuaded. In *Binkley,* the discovery request was for the names of drugs prescribed to a patient, not for the underlying fact of the name of a drug the patient was addicted to. Prescriptions involve medical records that are created

by a physician, which are communications. R.C. 2317.02(B)(5)(a). Here, the case does not involve a prescription or other medical record. Instead, Prior is required to disclose what drugs he was addicted to, not what his physician communicated to him.

{¶ 17} Prior also cites two other Ohio cases, *Calihan v. Fullen* (1992), 78 Ohio App.3d 266, 604 N.E.2d 761, and *Kalb v. Morehead* (May 19, 1998), Scioto App. No. 97CA2499, 1998 WL 254028, in support of his position. These cases also involve medical records, which could contain communications either from the patient to the physician or from the physician to the patient. Here, as we stated earlier, medical records are not involved.

{¶ 18} Prior further argues that even if Ingram's request is not privileged under R.C. 2317.02, he still does not have to provide the names of his health care providers because the information is not "reasonably calculated to lead to the discovery of admissible evidence" as required by Civ.R. 26(B). Prior claims that Ingram did not demonstrate the likelihood that relevant evidence would be obtained. We do not address this argument because the privilege issue is the only part of the trial court's order that comports with the definition of "final order" pursuant to R.C. 2505.02(B). See *Lightbody v. Rust* (2000), 137 Ohio App.3d 658, 665, 739 N.E.2d 840; *Binkley v. Allen* (Feb. 5, 2001), Stark App. No. 2000CA00160.

{¶ 19} Prior finally argues that R.C. 3793.13 protects from discovery the names of (1) his treating physicians and (2) drugs to which he was addicted. However, Prior never made this argument in the trial court. Thus, he has waived it. See, e.g., *State v. Hosler* (July 16, 1982), Ross App. No. 875, 1982 WL 3482.

{¶ 20} Consequently, we find that the trial court did not abuse its discretion in compelling Prior to disclose the information requested. Accordingly, we overrule both of Prior's assignments of error.

## III

{¶ 21} In conclusion, we overrule both of Prior's assignments of error and affirm the judgment of the trial court.

Judgment affirmed.

PETER B. ABELE, P.J., and HARSHA, J., concur.