DECISION AND JUDGMENT ENTRY
{¶ 1} Carlos O. Garcia, guardian ad litem for Carrie Christina Wheeler and Samuel Louis Wheeler, appeal the Gallia County Court of Common Pleas' discovery order, which overruled his motion to quash a subpoena and ordered him to turn over R.C. 2317.02 attorney-client privilege documents to the defendants-appellees — O'Rourke, Strafford, Alonzo, Morgan, Harnish, Stanley, Sholtis, Mize, Stratton, Gricoski, Holzer Clinic, Inc. and Holzer Medical Center ("clinic doctors"). Garcia argues that the trial court misinterpreted Boone v.Vanliner Ins. Co. (2001), 91 Ohio St.3d 209 and Moskovitz v. Mt. SinaiMed. Ctr. (1994), 69 Ohio St.3d 638, when it ruled that the subpoenaed documents fell within an "exception" to the attorney-client privilege based on "fundamental fairness and fair play." We agree because we interpret the privilege exception in Boone and Moskovitz to only apply in the context of proving the allegation of "bad faith." Accordingly, we reverse the judgment of the trial court and remand this cause to the trial court for further proceedings consistent with this opinion.
 I. {¶ 2} A medical incident occurred in November 1990 that resulted in a prior action (Wheeler I) for medical malpractice and loss of consortium filed in the U.S. District Court in Columbus by Charles and Caroline Wheeler against the same clinic doctors as in this case (WheelerII). Wheeler I settled in 1994 when the parties executed a release, settlement and indemnity agreement. Now, in Wheeler II, Garcia, guardian for Carrie and Samuel, is seeking damages for loss of parental consortium, derivatively based on the medical incident of November 1990, against the same clinic doctors.
 {¶ 3} The trial court granted the clinic doctors Civ.R. 12(B)(6) motion to dismiss. We reversed in Wheeler v. O'Rourke (Aug. 24, 2001), Gallia App. No. 01CA3,[1] because the trial court considered material outside the pleadings without converting the motion to dismiss to a motion for summary judgment.
 {¶ 4} On remand, discovery continued and eventually the clinic doctors twice subpoenaed the Wheeler I attorney-client file, which the prior attorney had turned over to Garcia's counsel, on the theory that the file might contain information on whether Carrie and Samuel benefited from the 1994 settlement. Earlier, the trial court had found that the settlement documents were ambiguous as to whether the children were included in the settlement and stated that it would consider evidence outside the settlement documents. Garcia's attorneys turned the non-privileged documents over to the clinic doctors under the first subpoena, but moved to quash the second subpoena based on the attorney-client privilege.
 {¶ 5} When the trial court held a hearing, both sides apparently agreed that the documents were privileged. The clinic doctors argued that (1) a waiver occurred, (2) the Boone Moskovitz exception applied, and (3) the documents were relevant under Civ.R. 26. Garcia argued that (1) no waiver occurred, (2) the exception in Boone Moskovitz did not apply, and (3) the documents were not relevant under Civ.R. 26. The trial court overruled Garcia's motion to quash the subpoena based on the exception in Boone Moskovitz. The trial court ordered (without an in camera inspection) his attorneys to produce the documents in the file that address the issue whether Carrie and Samuel benefited from theWheeler I settlement. In part of its decision, the trial court stated, "This court believes that fundamental fairness and fair play dictate that disclosure of this information should be allowed. No one is alleging bad faith in this case as was the situation in the Moskovitz and Boone cases * * *."
 {¶ 6} Garcia appeals and raises the following two assignments of error: "I. The trial court erred in overruling plaintiff's motion to quash defendants' subpoena, thus requiring plaintiff's counsel to turn over to defendants documents subject to the attorney-client privilege when the privilege had not been waived. II. The trial court erred and abused its discretion in ruling that the subpoenaed documents involving attorney-client communications fell within an exception to the attorney-client privilege based on `fundamental fairness and fair play'."
 II. {¶ 7} In his second assignment of error, Garcia argues that the subpoenaed documents do not fall within the exception to the attorney-client privilege. He maintains that the court in Boone andMoskovitz created an exception based on an allegation of "bad faith," instead of basing the exception on "fundamental fairness and fair play." We agree.
 {¶ 8} We review a trial court's order overruling or granting a discovery motion to quash under an abuse of discretion standard. See, e.g., State ex rel. the V Cos. v. Marshall (1998), 81 Ohio St.3d 467,469; Consolo v. City of Cleveland (Dec. 19, 2002), Cuyahoga App. No. 81117. An abuse of discretion consists of more than an error of judgment; it connotes an attitude on the part of the trial court that is unreasonable, unconscionable, or arbitrary. State v. Lessin (1993),67 Ohio St.3d 487; Rock v. Cabral (1993), 67 Ohio St.3d 108. When applying the abuse of discretion standard of review, we are not free to merely substitute our judgment for that of the trial court. In re JaneDoe I (1991), 57 Ohio St.3d 135, citing Berk v. Matthews (1990),53 Ohio St.3d 161.
 {¶ 9} R.C. 2317.02 creates the attorney-client privilege. It "is intended to encourage `full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice.'" Swidler Berlin v. United States (1998), 524 U.S. 399, 403, quoting Upjohn Co. v.United States (1981), 449 U.S. 383, 389. A crime-fraud exception to protection of the privilege exists when the communication to the attorney involves the purpose of committing or continuing a crime or fraud. Stateex rel. Nix v. Cleveland (1998), 83 Ohio St.3d 379, 383. Another exception to the privilege exists when there is an allegation of "bad faith" against an insurer denying coverage, Boone, supra, or an allegation of a "lack of good faith effort to settle" in a R.C. 1343.03(C) proceeding seeking prejudgment interest. Moskovitz, supra.
 {¶ 10} Here, the trial court allowed an exception to the privilege so that the documents could prove or disprove the allegation that "Carrie and Samuel benefited from the 1994 settlement." This allegation is different than proving or disproving allegations of "bad faith" or of "crime" or "fraud." The trial court specifically found that no one alleged bad faith in this case. The trial court's basis (fundamental fairness and fair play) for overruling the motion to quash could apply to prove or disprove almost any allegation or issue in any complaint. The floodgates would open and allow almost all relevant evidence to escape the attorney-client privilege. The free flow of information between clients and their attorneys would slow because clients might hesitate to share information that their opponents could discover. Thus, we find that the documents the clinic doctors seek to discover by their subpoena do not fall within any exception to the attorney-client privilege. Consequently, we find that the trial court abused its discretion when it overruled Garcia's motion to quash.
 {¶ 11} Garcia further argues that, even if the documents fall within an exception to the privilege, they are not relevant as required by Civ.R. 26. Based on our ruling that the documents do not fall within a privilege exception, this issue is now moot. App.R. 12(A)(1)(c). In addition, the privilege issue is the only part of the trial court's order that comports with the definition of "final order" under R.C. 2505.02(B), and therefore we could not, in any event, consider the relevance issue.Ingram v. Adena Health Sys., 149 Ohio App.3d 447, 2002-Ohio-4878, at ¶ 18.
 {¶ 12} Accordingly, we sustain Garcia's second assignment of error.
 III. {¶ 13} Garcia argues in his first assignment of error that no one waived the attorney-client privilege. Because the trial court never addressed the waiver issue in its order, we do not have anything to review. Therefore, we do not reach the issue. See Murphy v. Reynoldsburg
(1992), 65 Ohio St.3d 356, 360; see, also, Bonacorsi v. Wheeling Lake Erie Ry. Co., 95 Ohio St.3d 314, 2002-Ohio-2220 (Kline, J., dissenting); Fulmer v. Insura Prop. Cas. Co. (2002),94 Ohio St.3d 85, 99-100 (Cook, J., dissenting); Bowen v. Kil-Kare, Inc.
(1992), 63 Ohio St.3d 84, 89.
 {¶ 14} Accordingly, we overrule Garcia's first assignment of error.
 IV. {¶ 15} In conclusion, we sustain Garcia's second assignment of error and overrule his first assignment of error. We reverse the order of the trial court and remand this cause to the trial court for further proceedings consistent with this opinion.
JUDGMENT REVERSED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and that Appellant recover of Appellees costs herein taxed. This case is REMANDED to the trial court for further proceedings consistent with this opinion.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallia County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, J.: Concurs in Judgment only.
Harsha, J.: Concurs in Judgment and Opinion.
[1] Garcia later replaced Charles Wheeler as guardian of Carrie and Samuel.