**WHITT, Appellee,**

v.

**ERB LUMBER et al., Appellants.**

[Cite as *Whitt v. ERB Lumber,* 156 Ohio App.3d 518, 2004-Ohio-1302.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 2003–CA–56.

Decided March 19, 2004.

Joseph J. Golian, for appellee.

D. Patrick Kasson and Rebecca R. Shrader, for appellant ERB Lumber.

Steven G. Janik, for defendant AccuSource, Inc.

FAIN, Presiding Judge.

{¶ 1} Defendant-appellant ERB Lumber appeals from an order compelling discovery entered by the Clark County Court of Common Pleas. ERB contends that following the trial court's order would place it in the position of disclosing privileged information and that the order, therefore, constitutes an abuse of discretion.

{¶ 2} We conclude that the discovery compelled by the trial court's order may be construed broadly enough to include the dissemination of possibly privileged information. Accordingly, the order of the trial court is reversed, and this cause is remanded for reformulation of the order.

I

{¶ 3} Plaintiff-appellee Jason Whitt brought this action alleging claims of employer intentional tort and negligence against ERB. Whitt was injured while operating a radial arm saw.

{¶ 4} During the course of discovery, the parties apparently began to disagree over the scope of discoverable material. Whitt filed a motion to compel, which was sustained by the trial court without providing ERB an opportunity to reply. Of relevance to this appeal, the order compelled ERB to produce the following information:

{¶ 5} "Any and all records of investigation by O.S.H.A. of each and every injury sustained on, before, or after March 9, 2002 by any of Defendant's employee(s), and/or any employee(s) of temporary agencies relating to radial saws on the premises of any ERB Lumber location.

{¶ 6} "Any and all U.S. Department of Labor, O.S.H.A. Form Number 200 for the years 1998, 1999, 2000, and 2001, for ERB Lumber, its subsidiary(s), parent company, or any entity filing on its behalf, for all ERB Lumber locations, wherever located.

{¶ 7} "Any and all records of each injury sustained, either on, before, or after March 9, 2001, by employees of Defendant or employees of any temporary agency, subcontracting agency or subcontractors, due to operation, and/or malfunction of any radial arm saw, at any of Defendant's locations."

{¶ 8} The trial court subsequently vacated the order to compel and permitted ERB to file a memorandum in opposition to the motion to compel. ERB raised, among other things, the argument that the information sought by Whitt included privileged information. Thereafter, the trial court sustained Whitt's motion and entered an order compelling the production of the requested discovery. From this order, ERB appeals.

## II

{¶ 9} ERB's sole assignment of error is as follows:

{¶ 10} "The trial court erred in granting appellee's motion to compel."

{¶ 11} ERB contends that the discovery requests are overly broad and can be construed as requiring the dissemination of privileged information. ERB also contends that the order compels the disclosure of irrelevant material, and that the production of the requested material would be unduly burdensome.

{¶ 12} We initially note that we have jurisdiction to consider this appeal pursuant to R.C. 2505.02, which provides:

{¶ 13} "(A) * * *

{¶ 14} "* * *

{¶ 15} "(3) 'Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence.

{¶ 16} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶ 17} "* * *

{¶ 18} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶ 19} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶ 20} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

{¶ 21} Ohio courts have held that an order for the production of privileged information is a provisional remedy under R.C. 2505.02(A)(3). See *Johnson v. Univ. Hosp. of Cleveland*, Cuyahoga App. No. 80117, 2002-Ohio-1396, 2002 WL 472298.

{¶ 22} In this case, ERB argues that the discovery ordered by the trial court includes privileged material. Specifically, ERB argues that the requests are extremely broad and that the language of the discovery requests is capable of being construed as including a request for workers' compensation records, accident reports, and disability records, which would necessarily entail the release of any attendant medical records of employees not parties to this action. ERB further contends that these medical records are privileged under both state and federal law.

{¶ 23} Evid.R. 501 states that "[t]he privilege of a witness, person, state or political subdivision thereof shall be governed by statute enacted by the General Assembly or by principles of common law as interpreted by the courts of this state in the light of reason and experience." Further, Evid.R. 101(B) states that the "rule with respect to privileges applies at all stages of all actions, cases, and proceedings conducted under these rules." Consequently, preliminary questions regarding the existence of a privilege shall be determined by the court.

{¶ 24} Ohio law recognizes a statutory patient-physician privilege. See R.C. 2317.02(B). Ohio courts have also held that medical records are privileged because they are part of the patient-physician communication. *Patterson v. Zdanski*, Belmont App. No. 03 BE 1, 2003-Ohio-5464, 2003 WL 22339492; R.C. 2317.02(B)(1).

{¶ 25} If evidence is privileged, the right to raise the privilege belongs to the party vested with it. McCormick, Evidence (5th Ed.1999) 302, Section 73.1. In the case of the patient-physician privilege, the privilege belongs to the patient. Therefore, in this case, the privilege would belong to any ERB employees whose medical records may be subject to the discovery requests. Although any privilege associated with such medical records belongs to the patient, other persons may assert the privilege on behalf of the patient. Id. In fact, a trial judge may assert the privilege for an absent holder. Weissenberger, Ohio Evidence, Section 501.3.

{¶ 26} ERB is the "repository of the records of many [employees] who are, presumably, unaware of the instant litigation and would have no opportunity to assert or waive the privilege." *Pollitt v. Mobay Chem. Corp.* (S.D.Ohio 1982), 95 F.R.D. 101. Therefore, the assertion of the privilege by ERB makes sense under these circumstances. Id.

{¶ 27} We conclude that the requests propounded by Whitt, and the order to produce, are broad enough to include medical records. We further conclude that ERB has standing to assert the privilege of its employees. Therefore, we conclude that the order is a final, appealable order, vesting this court with jurisdiction.

{¶ 28} We now turn to the merits of the appeal. Trial courts have broad discretion in the regulation of discovery. *Manofsky v. Goodyear Tire & Rubber Co.* (1990), 69 Ohio App.3d 663, 668, 591 N.E.2d 752. (Citations omitted.) We review a trial court's ruling on discovery pursuant to an abuse-of-discretion standard. *Lightbody v. Rust* (2000), 137 Ohio App.3d 658, 663, 739 N.E.2d 840. (Citation omitted.)

{¶ 29} From our reading of the discovery requests resulting in the order to compel, we conclude that they are broad enough to include within their compass any medical records associated with the requested documents. Furthermore, since the medical records would pertain to other ERB employees who are not parties to this action, it cannot be said that any privilege regarding those records has been waived. Indeed, only the holder of a privilege may waive it. Weissenberger, supra. There is no evidence in this record to indicate that any of the employees have done so. Therefore, we conclude that the discovery requests at issue are overbroad, in the sense that they encompass privileged material. Thus, the order compelling the production of this material constitutes an abuse of discretion.

{¶ 30} While we might tend to agree with ERB's claims that the discovery requests are also overbroad because they are open-ended with regard to dates, might include companies not owned by ERB at the time of the subject injury, and might include information that is irrelevant to Whitt's claim, these issues cannot be resolved in this appeal. These claims may be, and should be, raised in an appeal following final judgment. Unlike the irreparable aspect of the compelled production of privileged matter, a litigant may obtain meaningful and effective appellate relief from overly burdensome discovery, by an order shifting the costs of the discovery, for example. Accordingly, we decline to address this portion of ERB's argument.

{¶ 31} Since it cannot be said that the discovery requested does not include privileged information, we conclude that the trial court should conduct an in camera inspection of any portions of the requested information that ERB claims to be subject to a privilege and permit the parties an opportunity to present argument prior to ordering the disclosure of the information.[1] The trial court may also order appropriate redactions of any privileged matter.

{¶ 32} ERB's sole assignment of error is sustained.

---

1. Although Whitt claims, in his appellate brief, that he does not intend for ERB to turn over any privileged material, we conclude that this protestation is not sufficient to preclude us from ruling on this matter. Should ERB fail to turn over privileged material that may be within the scope of the order of production, it would be ignoring an order of the trial court, regardless of Whitt's intentions in the matter.

## III

{¶ 33} ERB's sole assignment of error having been sustained, the order of the trial court from which this appeal is taken is reversed, and this matter is remanded for further proceedings in accordance with this opinion.

Judgment reversed
and cause remanded.

FREDERICK N. YOUNG, J., concurs.

GRADY, J., dissents.

GRADY, Judge, dissenting.

{¶ 34} I respectfully dissent from the majority's decision.

{¶ 35} Civ.R. 26(B)(1) provides that "[p]arties may obtain discovery of any matter, not privileged." Evid.R. 501 states: "The privilege of a witness, person, state, or political subdivision thereof shall be governed by statute enacted by the General Assembly or by principles of common law as interpreted by the courts of this state in the light of reason and experience."

{¶ 36} R.C. 2317.02 governs testimonial privileges. It includes those that existed at common law and several more. The section provides that "[t]he following persons shall not testify in certain respects." Paragraph (B)(1) identifies "[a] physician or a dentist concerning a communication made to him by his patient in that relation or his advice to his patient," absent the patient's waiver of the privilege. The section operates to create a bar to physician testimony. *Baker v. Indus. Comm.* (1939), 135 Ohio St. 491, 14 O.O. 392, 21 N.E.2d 593.

{¶ 37} Defendant-appellant ERB Lumber is obviously not a physician. Nor did it provide physician services to the persons whose injuries are reflected in the records that plaintiff-appellee Whitt seeks to discover and which the trial court ordered ERB to produce. Those persons might intervene to invoke the physician-patient privilege applicable to the records involved. However, ERB's status as holder of those records confers no right on ERB to invoke the physician-patient privilege as a bar to discovery.

{¶ 38} ERB seeks to avoid these distinctions by relying on a number of federal statutes and regulations that protect confidentiality of information. However, those prohibitions do not apply to revelations required by judicial order or decree. To hold that they do necessarily finds a federal preemption where no intention to do that is expressed or otherwise evident.

{¶ 39} ERB's privilege argument has a dual purpose. One is to fit its claim within the Civ.R. 26(B)(1) discovery exemption for privileged matter. The other is to invoke this court's jurisdiction to review provisional remedies, which includes

orders requiring "discovery of privileged matter." R.C. 2505.02(A)(3) and (B)(4). That provision was added to R.C. 2505.02 by amendments that became effective in 1998. Cases that have since applied it have involved invocation or an attempted invocation of the privilege by the person or entity that by statute holds the privilege. See *Nester v. Lima Mem. Hosp.* (2000), 139 Ohio App.3d 883, 745 N.E.2d 1153; *Neftzer v. Neftzer* (2000), 140 Ohio App.3d 618, 748 N.E.2d 608; *Boone v. Vanliner Ins. Co.* (Dec. 2, 1999), Franklin App. No. 98AP–1535, 1999 WL 1080144; *Natl. City Bank v. Rainer* (Aug. 12, 1999), Franklin App. No. 98AP–1170, 1999 WL 604150; *Indiana Ins. Co. v. Hardgrove* (Apr. 15, 1999), Franklin App. No. 98AP–910, 1999 WL 224433.

{¶ 40} By conferring a right on ERB to invoke a privilege it does not hold, the majority creates an unwarranted expansion of the privileged-matter exception in Civ.R. 26(B)(1), ignoring the more limited definition of privileged matter in Evid.R. 501 and the narrower testimonial privilege provisions of R.C. 2317.02. Its effect, I fear, will be to encourage mischief in resisting discovery on similar grounds in other cases of this kind.