[Cite as *Dubson v. Montefiore Home*, 2012-Ohio-2384.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97104**

# IRENE DUBSON, AS THE APPOINTED GUARDIAN OF SARA KIMIAGAROVA

PLAINTIFF-APPELLEE

vs.

# THE MONTEFIORE HOME, ET AL.

DEFENDANTS-APPELLANTS

## JUDGMENT:
## AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-728974

**BEFORE:** Boyle, P.J., E. Gallagher, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** May 31, 2012

**ATTORNEY FOR APPELLANTS**

Patrick S. Corrigan
55 Public Square
Suite 930
Cleveland, Ohio    44113

**ATTORNEYS FOR APPELLEE**

Blake A. Dickson
Mark D. Tolles II
The Dickson Firm, LLC
Enterprise Place, Suite 420
3401 Enterprise Parkway
Beachwood, Ohio    44122

MARY J. BOYLE, P.J.:

{¶1} Defendant-appellant, The Montefiore Home ("nursing home"), appeals the trial court's decision granting in part the motion to compel filed by plaintiff-appellee, Irene Dubson, as the appointed guardian of Sara Kimiagarova, and denying its motion for a protective order. Finding some merit to the appeal, we affirm in part, reverse in part, and remand for further proceedings.

Procedural History and Facts

{¶2} In June 2010, Dubson commenced the underlying action against the nursing home and John Doe defendants 1-10, alleging, among other things, that the nursing home, along with the John Doe defendants, "negligently and/or recklessly, directly and proximately caused personal injury to Sara Kimiagarova." Dubson alleged that, while under the nursing home's care, Sara "suffered numerous falls" and became very ill and was not properly cared for. Dubson further asserted a negligent hiring and supervision count against the nursing home. The nursing home denied the allegations.

{¶3} In the course of discovery, a dispute arose between the parties regarding, among other things, the personnel files of several employees and consultants to the nursing home. Dubson moved to compel the production of the files, and the nursing home sought a protective order from their disclosure. The trial court held a hearing on the matter, requested the parties to brief the matter further, and ordered the nursing home

to submit the requested documents to the court for an in camera inspection. The court also ordered the nursing home to submit a privilege log.

{¶4} On June 22, 2011, the nursing home submitted the documents along with a privilege log for the trial court's review.

{¶5} The trial court ultimately denied the nursing home's motion for a protective order but granted Dubson's motion as it pertained to the production of the personnel files.

{¶6} From this decision, the nursing home appeals, raising the following three assignments of error:

"[I.] The trial court abused its discretion by compelling the production of privileged documents under R.C. 2317.02 and the work product doctrine.

"[II.] The trial court abused its discretion by compelling the production of non-party private medical and financial information contained in personnel files.

"[III.] The trial court abused its discretion by compelling the production of non-party nursing home resident identity and medical information contained in personnel files."

### Attorney-Client Privilege and Work Product

{¶7} In its first assignment of error, the nursing home argues that the trial court abused its discretion in ordering the production of documents subject to the attorney-client privilege as well as the work-product privilege.

{¶8} Civ.R. 26(B)(1) permits parties to obtain discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action."

**{¶9}** This court reviews the assertion of an alleged privilege de novo. *Ward v. Health Sys.*, 128 Ohio St.3d 212, 2010-Ohio-6275, 943 N.E.2d 514, ¶ 13; *Sutton v. Stevens Painton Corp.*, 193 Ohio App.3d 68, 2011-Ohio-841, 951 N.E.2d 910, ¶ 12 (8th Dist.). Regarding work product, however, the Ohio Supreme Court also has explained that "the determination of whether materials are protected by the work-product doctrine and the determination of 'good cause' under Civ.R. 26(B)(3), are 'discretionary determinations to be made by the trial court.'" *Sutton* at ¶ 12, quoting *State ex rel. Greater Cleveland Regional Transit Auth. v. Guzzo*, 6 Ohio St.3d 270, 271, 452 N.E.2d 1314 (1983). Discretionary decisions are reviewed under an abuse of discretion standard of review. *Id.*

**{¶10}** Initially, we note that the nursing home objected to the production of the personnel files on the basis that such files were (1) irrelevant, (2) confidential, and (3) that the production of the files contravened the nursing home's policy as contained in its employee handbook. This was the nursing home's primary argument in opposing Dubson's motion to compel and its basis for seeking a protective order. The nursing home, however, now claims that the production of the personnel files violates the work-product doctrine. But we fail to find anywhere in the privilege log where the nursing home asserted this claim. This argument is therefore waived. *See, e.g.*, *Ingram v. Adena Health Sys.*, 149 Ohio App.3d 447, 452, 2002-Ohio-4878, 777 N.E.2d 901 (4th Dist.) (holding that failure to raise confidentiality of drug-treatment records waives the argument on appeal).

**{¶11}** Although the nursing home broadly asserted attorney-client privilege in its privilege log with respect to the production of three documents contained in three different employee personnel files, the nursing home failed to offer any argument in support of its claim that the documents were privileged. Instead, the nursing home solely identified the documents as either "attorney correspondence" or "attorney letter to employee" and objected to their production on the basis of "attorney-client privilege and irrelevant."

**{¶12}** Even on appeal, the nursing home fails to explain how these documents fall within the attorney-client privilege. We do not even know if the correspondence was between the employee and the employee's personal attorney. The presence of these letters in the employees' personnel files in and of itself raises a question as to whether the employees waived the privilege and published the information to their employer. Regardless, we do not have the documents on appeal to review and therefore are unable to conclude that the trial court erred in ordering their release. *See Lunato v. Stevens Painton Corp.*, 9th Dist. No. 08CA009318, 2008-Ohio-3206, ¶ 11.

**{¶13}** Based on the record before us, we cannot conclude that the trial court erred in ordering the production of these three letters. Accordingly, the first assignment of error is overruled.

<u>Private Medical and Financial Information of Nonparties</u>

**{¶14}** In its second assignment of error, the nursing home argues that the trial court abused its discretion in ordering the production of private medical and financial information contained in nonparty personnel files.

**{¶15}** Despite its argument on appeal, we note that the nursing home never raised physician-client privilege as an objection to the release of the medical records. Nor did it raise any other privilege with respect to the financial information. Instead, the nursing home objected to the release of these documents as being "irrelevant, immaterial, subject to confidentiality policy" and, in some instances, as being "unfairly prejudicial." The nursing home further identified certain federal acts, i.e., the Health Insurance Portability and Accountability Act ("HIPAA") and the Graham-Leach-Bliley Act, which contain certain safeguards regarding the disclosure of the private medical and financial information involved, in support of its objection.

**{¶16}** Because no statutory privilege is asserted with respect to these documents, we review the trial court's decision under an abuse of discretion. *See State ex rel. The V. Cos. v Marshall*, 81 Ohio St.3d 467, 469, 692 N.E.2d 198 (1998). Indeed, the management of discovery orders rests within the discretion of the trial court and will not be disturbed absent an abuse of discretion. *Mauzy v. Kelly Servs., Inc.*, 75 Ohio St.3d 578, 592, 664 N.E.2d 1272 (1996). Likewise, the decision whether to grant or deny a protective order is within the trial court's discretion and therefore reviewed under an abuse of discretion standard. *Ruwe v. Bd. of Springfield Twp. Trustees*, 29 Ohio St.3d 59, 61, 505 N.E.2d 957 (1987). An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶17}** In resolving this assignment of error, we find that the answer lies within the scope of discovery. Pursuant to Civ.R. 26(B)(1), parties may obtain discovery regarding

any matter, not privileged, which is relevant to the subject matter involved in the pending action. It is not ground for objection that the information sought will be inadmissible at the trial as long as the information appears reasonably calculated to lead to the discovery of admissible evidence. *Roe v. Planned Parenthood S.W. Ohio Region*, 122 Ohio St.3d 399, 2009-Ohio-2973, 912 N.E.2d 61, ¶ 27. But overly broad requests that amount to nothing more than a "fishing expedition" fall outside the scope of Civ.R. 26. *See, e.g., Mason v. Booker*, 185 Ohio App.3d 19, 2009-Ohio-6198, 922 N.E.2d 1036 (10th Dist.).

**{¶18}** Our review of the privilege log reveals that the trial court ordered the release of all documents contained in the employees' personnel files, including all medical records, such as vaccination records, blood test results, TB test screening results, and pregnancy records, as well as financial documents containing either bank account information or social security numbers. We find that the trial court's blanket release of all the medical and financial records contained in the personnel files was unreasonable.

**{¶19}** We fail to find any argument asserted in the trial court proceedings below demonstrating a need or even a request for the medical records of these employees — all whom were nonparties to the underlying action. In fact, in responding to the nursing home's argument that turning over the personnel files would violate HIPAA, Dubson repeatedly countered that "HIPAA does not prevent the disclosure of *non-medical*, personnel information." (Emphasis added.) Her responses indicated that she was not seeking the medical records. Instead, Dubson repeatedly represented to the court that she was seeking the personnel files to obtain information related to matters that were

relevant to her claim for "negligent investigation, interviewing, hiring, training, supervision, and retention" — matters such as the employees' qualifications, work history, evaluations, work performance, and disciplinary action. While we agree that documents pertaining to the employees' work history and performance would be relevant to Dubson's claim, we find that the trial court abused its discretion in ordering the release of the employees' medical records as part of Dubson's broad request for the personnel files.

{¶20} Indeed, medical records are generally privileged documents that are not subject to discovery absent an exception or a showing that they are necessary to protect or further a countervailing interest that outweighs the privilege. *See Whitt v. ERB Lumber*, 156 Ohio App.3d 518, 2004-Ohio-1302, 806 N.E.2d 1034 (2d Dist.); R.C. 2317.02(B). In nearly identical circumstances, the Second District held that the plaintiff was not entitled to files held by the defendant-employer, which contained medical records of employees not parties to the action, because such medical records were privileged. *Whitt* at ¶ 29. Although the trial court in this case held an in camera inspection of all the personnel files, we find no support in the record to justify the release of the medical records contained in the personnel files.

{¶21} Similarly, we find that the trial court abused its discretion in ordering the release of bank routing numbers, pay scale information, and social security numbers contained in the personnel files. There is absolutely no reason that Dubson needs this sensitive information. While we recognize that a plaintiff may be entitled to obtain the social security number of a nonparty when the plaintiff's interest in disclosure outweighs

the nonparty's interest in confidentiality, this is not the case. *See Hart v. Alamo Rent A Car*, 195 Ohio App.3d 167, 2011-Ohio-4099, 959 N.E.2d 15 (8th Dist.). Indeed, throughout the briefing done below, and even on appeal, Dubson has indicated that she did not need the social security numbers, agreeing that such information should be redacted from the documents. Dubson further states in her appellee brief that she has no objection to the redaction of bank accounts and pay scale information. We therefore order that the social security numbers, bank account, and pay scale information be redacted in those documents contained in the personnel files.

**{¶22}** The second assignment of error is sustained.

Nursing Home Residents' Information

**{¶23}** In its final assignment of error, the nursing home argues that the trial court abused its discretion by ordering the production of nursing home resident information contained in the personnel files. The nursing home urges this court to at least require the exclusion of any reference to residents. The record reveals, however, that Dubson agreed to do as much as stated in her brief in support of her motion to compel and brief in opposition to the protective order filed on June 29, 2011. Specifically, Dubson stated that "[p]laintiff has no objection to personal information about the identities of residents other than Sara Kimiagarova being redacted from their files."

**{¶24}** Given that Dubson was not even seeking this information and the privacy interests of these other residents that are at stake, we find that the trial court abused its discretion by not specifically ordering the redaction of any reference to other nursing home residents in the documents. The third assignment of error is sustained.

**{¶25}** Judgment affirmed in part and reversed in part. The trial court is instructed to specifically order the redaction of employees' social security numbers and bank account information, as well as references to any other nursing home residents contained in any documents in the personnel files. Employees' medical records and pay scale information are ordered to be withheld. All other documents, including the three letters identified in the first assignment of error, are ordered to be released as indicated in the trial court's judgment entry.

It is ordered that the parties share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MARY EILEEN KILBANE, J., CONCUR