[Cite as *Novak v. Camino*, 2013-Ohio-2907.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### Nos. 99019 and 99332

---

## MORRIS O. NOVAK

PLAINTIFF-APPELLANT

vs.

## WALTER C. CAMINO

DEFENDANT-APPELLEE

---

## JUDGMENT:
### AFFIRMED IN PART;
### REVERSED IN PART AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-767280

**BEFORE:** Blackmon, J., Rocco, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 3, 2013

**APPELLANT**

Morris O. Novak, Pro Se
1511 Hopkins Avenue
Lakewood, Ohio 44107


**ATTORNEYS FOR APPELLEE**

Timothy G. McGinty
Cuyahoga County Prosecutor

By: Dale F. Pelsozy
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Morris O. Novak ("Novak") appeals pro se the trial court's granting summary judgment in favor of appellee Walter C. Camino ("Camino"), and the trial court's denial of his motion for relief from judgment. He assigns the following five errors for our review:[1]

> **I.  The trial court erred by granting immunity to appellee because he acted outside the scope of his employment and his acts were with malicious purpose and done in bad faith.**
>
> **II.  The trial court erred in granting summary judgment because a genuine issue of material fact remains and reasonable minds can differ over the conclusion.**
>
> **III.   The trial court abused its discretion by denying appellant's motions to obtain proper discovery because its decisions were unreasonable, arbitrary, and unconscionable in a way that affected a substantial right of the appellant.**
>
> **IV.  The trial court violated appellant's due process rights through the denial of pertinent discovery without affording appellant due process.**
>
> **V.  The trial court erred by ruling on a Civil Rule 60(B) motion for relief from judgment because the filing of appellant's appeal divested the trial court of jurisdiction to entertain the motion.**

{¶2} Having reviewed the record and pertinent law, we affirm the trial court's decision granting summary judgment, but reverse and remand as to the trial court's decision denying Novak's motion for reconsideration. The apposite facts follow.

## Facts

**Underlying Litigation to the Malpractice Suit**

---

[1]Novak's fifth assigned error was set forth in a supplemental brief.

{¶3} On December 20, 1996, Novak pleaded guilty to attempted murder of his girlfriend's ex-husband. The trial court sentenced him to 5-to-25 years in prison. His attorney of record at the time was Thomas Wagner ("Wagner"). However, the transcript from the plea hearing shows that attorney Camino appeared on Wagner's behalf.

{¶4} Shortly after entering his plea, Novak filed a motion to withdraw his plea, which the trial court denied. This court affirmed Novak's conviction on appeal. *State v. Novak*, 8th Dist. No. 72849, 1998 Ohio App. LEXIS 4224 (Sept. 10, 1998). In February 2005, the trial court granted Novak's motion for judicial release and placed him on two years probation. The motion was filed by attorney Camino on behalf of the public defender's office.

{¶5} In June 2008, Novak, represented by public defender Camino, moved to expunge his criminal record as allowed under R.C. 2953.32. The matter was scheduled for a hearing on November 20, 2008. According to Camino, the day before the hearing, Novak advised him that he had retained a private attorney who would attend the hearing; therefore, Camino did not attend the hearing. The trial court denied the motion for expungement, and this court affirmed the decision in *State v. Novak*, 8th Dist. No. 92586, 2009-Ohio-6220.

**Malpractice Suit**

{¶6} On October 20, 2011, Novak filed a complaint against Camino alleging that Camino committed legal malpractice as far back as 1996, when he represented him in the underlying criminal action through 2008, when he requested expungement of the

conviction on Novak's behalf.[2] He alleged that Camino committed malpractice by failing to appear at the expungement hearing. Regarding the proceedings in 1996, he alleged that Camino violated the law by accepting compensation for representing Novak when Camino worked for the public defender's office. He generally alleges that Camino also knowingly and intentionally misled the court, engaged in fraud, failed to appear at scheduled depositions, blocked the taking of the depositions of material witnesses, and filed frivolous motions.

{¶7} Camino filed a motion for summary judgment arguing that the only time he appeared as the attorney of record for Novak was in 2008, when he filed his motion for expungement. At that time, Camino was an attorney with the public defender's office; therefore, he argued immunity protected him from Novak's lawsuit. He also argued that Novak's claims relating back to 1996 were barred by the one year statute of limitations for a legal malpractice claim. He admitted he appeared on Novak's behalf at his plea hearing as a favor to Novak's attorney, Thomas Wagner, who could not appear. He submitted his affidavit and an affidavit by attorney Wagner in which they stated that Camino was not paid for his appearance.

{¶8} In opposition to Camino's motion for summary judgment, Novak filed a "Counter Affidavit with Corroborating Documentation in Opposition to Defendant's Motion for Summary Judgment," in which he alleged that Camino lied in his affidavit, contended that he paid several thousand dollars to Camino, and that Camino negotiated

---

[2] Novak originally filed his complaint on November 19, 2009. He then voluntarily dismissed the complaint on November 1, 2010, and refiled on October 20, 2011.

his plea. Affidavits and depositions by several of Novak's friends were also offered in which they testified that Camino represented Novak at the plea hearing and had accepted money. The trial court granted Camino's motion for summary judgment concluding that immunity protected Camino from liability.

{¶9} Thereafter Novak filed a motion for relief from judgment. One day later, Novak filed an appeal from the trial court's decision granting summary judgment. While the appeal was pending, the trial court denied Novak's motion for relief from judgment.

## Summary Judgment

{¶10} We will address Novak's first and second assigned errors together because they both concern Novak's contention that the trial court erred by granting summary judgment. Novak contends that Camino was not immune because he was acting outside the scope of his employment with the public defender's office because he accepted a fee for his representation and genuine material issues of fact exist.

{¶11} We review an appeal from summary judgment under a de novo standard of review. *Baiko v. Mays*, 140 Ohio App.3d 1, 746 N.E.2d 618 (8th Dist.2000), citing *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987); *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.*, 121 Ohio App.3d 188, 699 N.E.2d 534 (8th Dist.1997). Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.

{¶12} Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the

nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party. We conclude the trial court did not err by granting summary judgment as a matter of law in favor of Camino.

{¶13} We need not determine whether Camino was immune regarding the alleged malpractice at Novak's 1996 plea hearing and 1997 sentencing hearing because any malpractice relating to those events are barred by the one year statute of limitations for bringing a legal malpractice action.

> **Under R.C. 2305.11(A), an action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later.** *Zimmie v. Calfee, Halter & Griswold*, 43 Ohio St.3d 54, 538 N.E.2d 398 (1989), syllabus, citing *Omni-Food & Fashion, Inc. v. Smith*, 38 Ohio St.3d 385, 528 N.E.2d 941 (1988).

{¶14} For the purposes of determining the accrual date of R.C. 2305.11(A) in a legal malpractice action, the trial court must explore the particular facts of the action and make the following determinations: when the injured party became aware, or should have become aware, of the extent and seriousness of his or her alleged legal problem; whether the injured party was aware, or should have been aware, that the damage or injury alleged

was related to a specific legal transaction or undertaking previously rendered to him or her; and whether such damage or injury would put a reasonable person on notice of the need for further inquiry as to the cause of such damage or injury. *Omni* at paragraph two of the syllabus.

{¶15} It is difficult to determine from reading Novak's complaint the conduct that he is alleging constituted malpractice in 1996 and 1997. Most of the complaint is dedicated to allegations that Camino and his attorney have engaged in discovery violations. These likely are related to the discovery that Novak attempted in the prior case that he subsequently dismissed. However, such alleged wrongdoing does not constitute malpractice because it did not arise out of Camino's representation of Novak, but out of his defending himself against Novak's allegations. Any fraudulent conduct that Novak generally alleges in the complaint that relates to the 1996 and 1997 proceedings would be barred by the one year statute of limitations. If Novak is contending malpractice in the negotiation of the plea or representation at the sentencing hearing, he most certainly would have been aware of any wrongdoing relating to these events when they occurred over 13 years before filing his initial complaint.

{¶16} He also alleges that Camino accepted monetary compensation to represent him, when Camino, as a public defender, was barred by the law from doing so. Although such conduct would be unethical, it does not constitute malpractice. Unethical conduct and legal malpractice are not synonymous terms; it is possible for one to occur without the other. *DeMeo v. Provident Bank*, 8th Dist. No. 89442, 2008-Ohio-2936, ¶ 44-45; *Powell v. Rion*, 2d Dist. No. 24756, 2012-Ohio-2665. If Camino did accept personal

payment, which is debatable, such conduct would be unethical, but there is no evidence it affected Camino's ability to represent Novak. Such allegations are appropriate for consideration by the disciplinary board.[3]

**{¶17}** Novak's complaint also alleges that Camino committed malpractice in 2008, when he represented Novak in his attempts to expunge his attempted murder conviction. Novak argues Camino was obligated to appear at the hearing and failed to do so. We do not need to determine if Camino was immune from liability regarding his representation as to Novak's expungement because Novak's claim fails to show that Camino committed malpractice.

**{¶18}** In order to establish a cause of action for legal malpractice based on negligent representation, a plaintiff must show (1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation, and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss. *Vahila v. Hall*, 77 Ohio St.3d 421, 1997-Ohio-259, 674 N.E.2d 1164, syllabus. The plaintiff's failure to prove any one of these elements entitles the defendant-attorney to summary judgment. *Shoemaker v. Gindlesberger*, 118 Ohio St.3d 226, 2008-Ohio-2012, 887 N.E.2d 1167, ¶ 8.

**{¶19}** Novak was not harmed by Camino's failure to appear at the expungement hearing. Novak was not entitled to expungement because he committed a crime of

---

[3] Camino contends the disciplinary board has absolved him from all wrongdoing concerning the case. However, we have no evidence of this in the record.

violence, which is not an expungeable offense. R.C. 2953.36(C). His attempted murder conviction was also not his first offense because he had several prior misdemeanor convictions. Therefore, because it was not his first offense, R.C. 2953.31(A) also barred the expungement.

{¶20} Camino's presence would have done nothing to change the law on expungement. Therefore, because there is no causal connection between Camino's failure to appear at the expungement hearing and the court's denial of the motion for expungement, Novak has failed to set forth a successful legal malpractice claim as to the failure to have his conviction expunged. Accordingly, Novak's first and second assigned errors are overruled.

## Discovery Violations

{¶21} We will address Novak's third and fourth assigned errors together because they both relate to his contention that the trial court's rulings prevented him from presenting additional evidence. Specifically, he argues the trial court did not allow him to schedule depositions and failed to require Camino to fully answer the interrogatories. He argues the trial court's rulings on the discovery issues violated his right to due process because he was denied full discovery.

{¶22} A trial court enjoys broad discretion in the regulation of discovery. *Whitt v. ERB Lumber*, 156 Ohio App.3d 518, 2004-Ohio-1302, 806 N.E.2d 1034 (2d Dist.); *Manofsky v. Goodyear Tire & Rubber Co.*, 69 Ohio App.3d 663, 668, 591 N.E.2d 752 (9th Dist.1990). We review a trial court's ruling on discovery pursuant to an abuse of

discretion standard. *Lightbody v. Rust*, 137 Ohio App.3d 658, 663, 739 N.E.2d 840 (8th Dist.2000).

{¶23} The trial court did not abuse its discretion. The trial court had ordered at the pretrial that depositions be taken in its courtroom.[4] Although Novak filed motions requesting dates available to take the depositions, the court ruled that the motions were moot once summary judgment was granted. Because Novak's claims as to the 1996 litigation are time barred, the trial court's failure to allow Novak to conduct depositions regarding Novak's representation at the time was harmless error. Additionally, we have held that Novak's claim that Camino committed malpractice by failing to attend the expungement hearing was without merit because his crime was not expungeable. Therefore, deposition testimony as to Camino's representation regarding the expungement would not have supported Camino's argument.

{¶24} There is also no merit to Novak's arguments relating to Camino's failure to answer the interrogatories. The trial court conducted a hearing on June 6, 2012, where it went through each interrogatory question. The court ordered Camino to supplement four of the questions, which he did. As to the other questions, the trial court found that Camino had properly answered the questions, but that Novak simply did not like the responses. Thus, the court did not abuse its discretion by not requiring Camino to

---

[4]There is no journal entry in the record showing the court-ordered depositions to be taken in its courtroom; however, in the transcript of the discovery hearing held on June 6, 2012, the trial court conceded that it ordered the depositions to be taken in its courtroom, and Camino also admits in his appellee's brief that the court ordered this at the pretrial.

supplement all of the answers. Accordingly, Camino's third and fourth assigned errors are overruled.

## Motion for Relief from Judgment

{¶25} In his fifth assigned error, Novak argues the trial court erred by denying his motion for relief from judgment. Specifically, he argues the trial court was without jurisdiction to rule on the motion because his appeal regarding the court's granting of the motion for summary judgment was pending before the court of appeals.

{¶26} The Ohio Supreme Court has held that, "[o]nce a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal." *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207, ¶ 9. "The trial court [only] retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment appealed from." *Id.*; *State ex rel. Electronic Classroom of Tomorrow v. Cuyahoga Cty. Court of Common Pleas*, 129 Ohio St.3d 30, 2011-Ohio-626, 950 N.E.2d 149, at ¶13. The Ohio Supreme Court has "expressly held that an appeal divests trial courts of jurisdiction to consider Civ.R. 60(B) motions for relief from judgment." *Howard v. Catholic Soc. Servs. of Cuyahoga Cty. Inc.*, 70 Ohio St.3d 141, 147, 1994-Ohio-219, 637 N.E.2d 890 (1994). "Jurisdiction may be conferred on the trial court only through an order by the reviewing court remanding the matter for consideration of the Civ.R. 60(B) motion." *Id.* Accordingly, Novak's fifth assigned error is sustained.

{¶27} Judgment affirmed in part and reversed and remanded in part.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

KENNETH A. ROCCO, P.J., and
EILEEN T. GALLAGHER, J., CONCUR