JERALD P. BUSSE *et al.*, Indiv. and On Behalf of All Others Similarly Situated, Plaintiffs-Appellants, v. MOTOROLA, INC., *et al.*, Defendants-Appellees.

First District (2nd Division)    No. 1—02—3430

Opinion filed June 22, 2004.—Rehearing denied August 3, 2004.

Ben Barnow, Sharon Henricks, and Sheila A. Lynch, all of Barnow & Associates, P.C., and William J. Harte, of William J. Harte, Ltd., both of Chicago, and Harold B. Gold, of Harold B. Gold, P.C., of Garland, Texas, for appellants.

Garrett B. Johnson, Terrence J. Dee, and Angela B. Frye, all of Kirkland & Ellis, L.L.P., of Chicago, for appellee Motorola, Inc.

Michael P. Comiskey, of Lord, Bissell & Brook, of Chicago, for appellee Ameritech Mobile Communications, Inc.

H. Patrick Morris, of Johnson & Bell, Ltd., of Chicago, and Alan Garber, of Mason & Martin, L.L.P., of Boston, Massachusetts, for appellee Epidemiology Resources, Inc.

JUSTICE CAHILL delivered the opinion of the court:

We address two questions in this appeal. The first is whether the defendants breached their contracts with a cell phone customer when information received from the customer was passed on to a third party without permission and then used to study cell phone safety. The second question is whether the personal information about the customer is "private" as that word is used in defining the tort of intrusion upon one's seclusion. The trial court concluded in awarding summary judgment to the defendants that they neither breached the plaintiffs' service contracts with their carriers nor committed the tort of "intrusion upon seclusion." We affirm.

Defendant Epidemiology Resources, Inc. (ERI), a private research firm, conducted the two studies at issue. Plaintiffs Jerald P. Busse, Steven F. Schwab and Mark Lawson are part of a class of cell phone users whose service providers retrieved data from their customer records, including names, addresses and social security numbers, and transferred the information as a database to ERI for its studies. Plaintiff Robert Ruther represents a class of plaintiffs who responded to an ERI mail survey on cell phone use. Defendant Motorola, Inc. (Motorola), manufactured cellular telephones and assigned an electronic serial number to each phone, showing whether the phone is a mobile or handheld portable unit. Defendant Ameritech Mobile Communications, Inc. (Ameritech), sold cell phone transmission service. Defendant Cellular Telecommunications & Internet Association (Cellular) was a national trade association of the cellular telephone industry. Motorola and Ameritech were Cellular members. Defendant Wireless Technology Research, LLC (Wireless), was a nonprofit

corporation that conducted research on wireless telephone use and health. Plaintiffs and Wireless settled and Wireless has been dismissed from this case.

In 1994, Wireless and Cellular funded two ERI studies to investigate a possible link between wireless telephone use and mortality. Southwestern Bell Mobile Systems (Bell) and Comcast Cellular Communications (Comcast) contracted with ERI to provide customer databases for the studies. The contracts contained confidentiality requirements. Defendant Ameritech did not provide data about its customers for the studies.

The customer data supplied to ERI by Bell and Comcast included customers' names, street addresses, cities, states, zip codes, dates of birth, social security numbers, wireless phone numbers, account numbers, start-of-service dates and the electronic serial numbers of the customers' phones. ERI obtained missing data for some wireless customers through a contract with TRW, a credit bureau.

In a records study, ERI placed the customer information in a database, compared it to public death records and compared cell phone use with mortality and specific causes of death. In a patterns-of-use survey, ERI mailed a questionnaire to customers in the database asking, for example, "how many minutes per week do you yourself talk on your cellular telephone?" "against which ear do you hold it most often?" and "[h]ow often do you move the telephone from ear to ear during telephone calls?" The customers were not told the questions were to measure cell phone safety. Results of both studies were published. Customers were not identified.

Plaintiffs filed their original complaint in 1995. Defendants removed the case to federal court because count I alleged violations of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 301 *et seq.* (2000)). The remaining counts alleged violations of state laws. Plaintiffs withdrew count I and the matter was remanded to state court in 1996. In 1997, the trial court dismissed plaintiffs' claims for the torts of outrage, negligence *per se*, conversion and civil battery under section 2—615 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2—615 (West 2002)) (failure to state a claim on which relief could be granted). The trial court did not dismiss plaintiffs' invasion of privacy claim. Plaintiffs filed an amended complaint in 1999, alleging invasion of privacy by intrusion upon seclusion and realleging the claims dismissed in 1997 (outrage, negligence *per se*, conversion and civil battery). Plaintiffs added new allegations of breach of contract, tortious interference with a contract and civil conspiracy. On plaintiffs' motion, the trial court entered an order certifying a nationwide plaintiff class in 2000. See 735 ILCS 5/2—801 (West 2000).

In 2002, defendants filed a joint amended motion for summary judgment. The evidence before the trial court included plaintiffs' depositions. No plaintiff alleged a physical or emotional injury. One reported he experienced anger which subsided by 95% within two hours.

The trial court granted defendants' motion for summary judgment and plaintiffs appealed. Plaintiffs raise two issues on appeal: that defendants' actions breached plaintiffs' service contracts with their cellular service providers and intruded upon their seclusion. Plaintiffs allege they were not informed of and did not approve the use of their personal information for cell phone safety studies.

We review an order of summary judgment *de novo*. *Sollami v. Eaton*, 201 Ill. 2d 1, 7, 772 N.E.2d 215 (2002). Summary judgment is to be granted only where the pleadings, depositions, admissions and affidavits show there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. 735 ILCS 5/2— 1005(c) (West 2000).

■ Here, the facts are not in dispute. Defendants were entitled to a judgment as a matter of law on plaintiffs' breach of contract claim under the uses permitted in the federal Telecommunications Act of 1996 (the Act) (47 U.S.C. § 222 (2000)). Although some of the research at issue here was conducted before the Act became effective, the Federal Communications Commission (FCC) determined that these pre-1996 studies comported with the requirements of the Act. The record contains a "Second Report and Order and Further Notice of Proposed Rulemaking" adopted and released by the FCC in 1998. The report states that protocols and reports of Wireless' epidemiological research were submitted to the FCC, which determined that "the privacy of consumer information [was] appropriately safeguarded."

The Act addresses the duty of telecommunications carriers "to protect the confidentiality of proprietary information" of their customers (47 U.S.C. § 222(a) (2000)), but allows the carriers to use or disclose customer information to protect the carriers' own rights and property (47 U.S.C. § 222(d)(2) (2000)). The Act allows carriers to provide aggregated information to other carriers or persons on reasonable terms upon reasonable request. 47 U.S.C. § 222(c)(3) (2000). An FCC regulation permits wireless service providers to "use, disclose, or permit access to [customer information] for the purpose of conducting research on the health effects" of wireless phone use. 47 C.F.R. § 64.2005(c)(2) (2003).

Here, the carriers gave proprietary customer information to ERI to study an important public health issue that could threaten the economic viability of the cell phone industry in general and individual

carriers in particular. The use of the customer information further complied with the Act because the information provided by Bell and Comcast was subject to reasonable terms, including confidentiality requirements, in response to a reasonable request from ERI.

We next turn to plaintiffs' claims of intrusion upon seclusion. Summary judgment is proper when the party opposing the motion cannot establish an essential element of the cause of action. *Kane v. Motorola, Inc.*, 335 Ill. App. 3d 214, 224, 779 N.E.2d 302 (2002). Although the party opposing summary judgment need not prove his case, he must provide some factual basis that would arguably entitle him to judgment under the law. *Davis v. Times Mirror Magazines, Inc.*, 297 Ill. App. 3d 488, 495, 697 N.E.2d 380 (1998). Although this is a multistate class action, we apply the substantive law of Illinois. *Martin v. Heinold Commodities, Inc.*, 117 Ill. 2d 67, 82, 510 N.E.2d 840 (1987).

Illinois courts have long recognized a right of privacy. *Leopold v. Levin*, 45 Ill. 2d 434, 440, 259 N.E.2d 250 (1970). There are four ways to state a cause of action for invasion of privacy: (1) intrusion upon the seclusion of another; (2) appropriation of another's name or likeness; (3) public disclosure of private facts; and (4) publicity placing another in a false light. *Roehrborn v. Lambert*, 277 Ill. App. 3d 181, 660 N.E.2d 180 (1995).

The "intrusion" tort has an interesting history in Illinois. See *Schmidt v. Ameritech Illinois*, 329 Ill. App. 3d 1020, 1027-31, 768 N.E.2d 303 (2002). To the extent the tort has been recognized, Illinois courts have followed the Restatement (Second) of Torts: "One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." Restatement (Second) of Torts § 652B, at 378 (1977); *Lovgren v. Citizens First National Bank of Princeton*, 126 Ill. 2d 411, 417, 534 N.E.2d 987 (1989).

The elements of the cause of action typically are stated as: (1) the defendant committed an unauthorized intrusion or prying into the plaintiff's seclusion; (2) the intrusion would be highly offensive or objectionable to a reasonable person; (3) the matter intruded on was private; and (4) the intrusion caused the plaintiff anguish and suffering. *Schmidt*, 329 Ill. App. 3d at 1030, citing *Johnson v. K mart Corp.*, 311 Ill. App. 3d 573, 578, 723 N.E.2d 1192 (2000). The elements of the tort are cumulative. *Schmidt*, 329 Ill. App. 3d at 1030-31. Each element of a tort must be "truthfully alleged" to sustain a cause of action. *Griffin v. Goldenhersh*, 323 Ill. App. 3d 398, 406, 752 N.E.2d 1232 (2001). An analysis of the four elements here leads us to the

conclusion that without the Restatement's third element, a private matter or private facts, there can be no cause of action.

■ The third element of the tort appears to be the predicate for the other three. Private facts must be alleged. Without private facts, the other three elements of the tort need not be reached. Because the analysis begins with the predicate, private facts, it also ends there if no private facts are involved. Here, none of the "personal" information furnished by the customers, standing alone—names, telephone numbers, addresses or social security numbers—has been held to be private facts.

Private facts were at issue and clearly alleged in *Johnson*, 311 Ill. App. 3d at 578-79. There, defendant K mart hired private investigators to pose as employees at K mart's warehouse to monitor suspected acts of theft, vandalism and drug use by employees. *Johnson*, 311 Ill. App. 3d at 575. The investigators gathered and reported personal information about employees, including family problems, romantic interests, sex lives, health problems, future work plans and criticism of K mart. The employees filed a complaint for intrusion upon seclusion. The trial court granted K mart's motion for summary judgment, but the appellate court reversed, finding a genuine issue of material fact as to whether a reasonable person would have found K mart's actions in using private facts to be offensive or objectionable. *Johnson*, 311 Ill. App. 3d at 578-79.

Matters of public record—name, address, date of birth and fact of marriage—have been held not to be private facts. *Geisberger v. Willuhn*, 72 Ill. App. 3d 435, 439, 390 N.E.2d 945 (1979). Neither plaintiffs nor defendants cite an Illinois case or statute recognizing a social security number as private information in the sense "private" is used in the reported cases. We have not found an Illinois case where the information at issue in this case has been held to be within the scope of private facts as that term is used in the Restatement. Nor does the information in this case rise to the level of intimate personal facts held to be actionable in *Johnson*.

Plaintiffs rely on decisions from jurisdictions where the private nature of the social security number has been recognized. See, for example, *Bodah v. Lakeville Motor Express, Inc.*, 649 N.W.2d 859, 862-63 (Minn. App. 2002), *rev'd on other grounds*, 663 N.W.2d 550 (Minn. 2003) (social security numbers are broadly recognized as confidential and private, but "are not on their face revealing, compromising[ ] or embarrassing").

Defendants point to federal cases where social security numbers were deemed not to be private or confidential. See *Phillips v. Grendahl*, 312 F.3d 357, 373 (8th Cir. 2002) (discovery of a person's social

security number does not fit the profile of intrusion upon seclusion); *Andrews v. TRW, Inc.*, 225 F.3d 1063, 1067 (9th Cir. 2000) ("[w]e take judicial notice that in many ways persons are required to make their social security numbers available so that they are no longer private or confidential but open to scrutiny and copying"), *rev'd on other grounds*, 534 U.S. 19, 151 L. Ed. 2d 339, 122 S. Ct. 441 (2001).

Here, plaintiffs failed to establish the information obtained by ERI was private. In the absence of an Illinois law defining social security numbers as private information, we cannot say that defendants' use of this number fulfills the privacy element necessary to plead intrusion upon seclusion. Nor are the individual pieces of information—names, address, particulars of cell phone use—facially revealing, compromising or embarrassing.

The judgment of the circuit court is affirmed.

Affirmed.

WOLFSON, P.J., and GARCIA, J., concur.