JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendants-appellants, Ali S. Halabi, M.D., and Ali S. Halabi, M.D., Inc. ("defendants"), appeal the trial court granting plaintiffs' motion to compel. For the reasons set forth below, we affirm.
 {¶ 2} On July 11, 2005, plaintiff-appellee, Maria Cepeda, filed a complaint against defendants, Lutheran Hospital, The Cleveland Clinic Foundation and David F. Perse, M.D., and averred Dr. Halabi inappropriately and unnecessarily removed her uterus and ovaries. In the complaint, she alleged medical malpractice, lack of informed consent, assault and battery, intentional and negligent infliction of emotional distress, unauthorized practice of medicine, and negligent hiring/negligent credentialing/ corporate negligence. Her husband, Erasmo, and her four children, Nestor, Natanael, Madailissa and Michael, filed loss of consortium claims against each of the aforementioned defendants as well. Lutheran Hospital settled with the plaintiffs and subsequently was voluntarily dismissed. Plaintiffs also voluntarily dismissed The Cleveland Clinic and David F. Perse, M.D. from the action. Thereafter, plaintiffs' claims remained pending against defendants only.
 {¶ 3} On April 27, 2006, plaintiffs' counsel deposed Dr. Halabi. At the deposition, Dr. Halabi refused to answer questions pertaining to billing statements sent to Medicare and Medicaid for all of his patients for the past five years; his average salary; his income from gynecology; the percentage of his income from gynecology in 2003; and his tax returns for the past five years. Dr. Halabi objected *Page 4 
to the questions, arguing they were privileged communications between physician and patient and irrelevant.
 {¶ 4} On March 5, 2007, plaintiffs filed a motion to compel Dr. Halabi to answer the deposition questions and a motion for expenses. Defendants filed a brief in opposition and motion for protective order on March 15, 2007. The trial court granted plaintiffs' motion to compel on May 25, 2007, but denied the motion for expenses. The court ordered Dr. Halabi to submit to another deposition and to answer questions regarding other patients and his income and finances. The court also ordered the "Deposition transcript to be sealed by order of the court and subject to disclosure only by further order of the court."
 {¶ 5} Defendants now appeal and assert one assignment of error for our review. Defendants' sole assignment of error states:
 {¶ 6} "The trial court erred in granting plaintiff-appellee's motion to compel which required defendant-appellant Ali S. Halabi, M.D. to disclose privileged medical information prior to an in-camera inspection that is also irrelevant to the issues in this case."
 {¶ 7} Defendants contend the trial court erred in granting plaintiffs' motion to compel because the unauthorized disclosure of billing statements of non-party patients sent to Medicare and Medicaid would violate the patient-physician privilege. Additionally, defendants argue that information regarding Dr. Hababi's finances and *Page 5 
income was unnecessary for plaintiffs to pursue their claims. We find defendants' arguments without merit.
 {¶ 8} First, we will address defendants' contention that questions regarding the billing statements of non-party patients of Dr. Halabi sent to Medicare and Medicaid are confidential under the patient-physician privilege.
 {¶ 9} As a procedural matter, we note that normally, we review a trial court's decision regarding the management of discovery under an abuse of discretion standard. Roe v. Planned Parenthood Southwest OhioRegion, 173 Ohio App.3d 414, 419, 2007-Ohio-4318, 878 N.E.2d 1061. Questions of privilege, however, "including the proprietary of disclosure, are questions of law and are reviewed de novo." Id.
 {¶ 10} R.C. 2317.02 provides for a testimonial privilege of patient and physician communications. The privilege afforded under R.C. 2317.02, however, is not absolute. Biddle v. Warren Gen. Hosp.,86 Ohio St.3d 395, 402, 1999-Ohio-115, 715 N.E.2d 518. The Ohio Supreme Court has held that the discovery of such protected communications may be appropriate under certain circumstances. Id. First, disclosure is permitted in the absence of prior authorization of privileged matters where disclosure is made pursuant to a statutory mandate or common-law duty. Id. Second, discovery of such protected communications is appropriate to protect or further a countervailing interest that outweighs the non-party patient's interest in confidentiality. Id. *Page 6 
 {¶ 11} Ohio Courts have permitted discovery of confidential information to further a countervailing interest only if the non-party patient's identity is sufficiently protected. Richards v.Kerlakian, 162 Ohio App.3d 823, 2005-Ohio-4414, 825 N.E.2d 768; Fair v.St. Elizabeth Med. Ctr (2000), 136 Ohio App.3d 522, 737 N.E.2d 106. Shielding the identity preserves the objective of the patient-physician privilege while still achieving the public's interest in justice. InTerre Haute Regional Hosp., Inc. v. Trueblood (Ind. 1992),600 N.E.2d 1358, the Indiana Supreme Court eloquently explained:
 {¶ 12} "Along with a patient's individual interest in quality medical care, the public has an interest in being protected from incompetent physicians. * * * It is unlikely that a patient would be inhibited from confiding in his physician where there is no risk of humiliation and embarrassment, and no invasion of the patient's privacy. The public policy involved is strong and carries a great societal interest. In situations where the medical records are relevant, a `blanket prohibition against examination and use against the hospital of such records would result in an injustice.'" Id. at 1361 (citations omitted).
 {¶ 13} In Richards v. Kerlakian, supra, the plaintiffs sued Dr. Kerlakian after their son died following gastric bypass surgery performed by the doctors. Id. at 824. During litigation, the plaintiffs requested production of all operative reports for gastric bypass surgeries performed on a number of non-party patients by Dr. Kerlakian at Good Samaritan Hospital without prior authorization of these patients. Id. Dr. *Page 7 
Kerlakian filed a protective order, arguing disclosure would violate the patient-physician privilege and that the records were irrelevant. Id.
 {¶ 14} The Richards court affirmed the trial court's denial of the protective order and order to produce redacted medical records. Id. at 826. The court determined that the plaintiffs' interest in disclosure outweighed the non-party patients' interest in confidentiality. Id. The requested medical documents were necessary to establish a primary claim against defendants and to impeach portions of Dr. Kerlakian's deposition. Id. at 825-826. Furthermore, the trial court provided adequate protection for the identity of the non-party patients and protected against dissemination of the information sought by ordering redaction of certain information from the reports and ordering that the records be filed with the court under seal. Id. at 826.
 {¶ 15} The questions regarding the billing statements of all patients sent to Medicare and Medicaid for the past five years are undeniably confidential and privileged under the patient-physician privilege. See R.C. 2317.02(B)(5)(a). Nevertheless, plaintiffs were entitled to such information, as it was necessary to protect or further a countervailing interest that outweighed a non-party's privilege.
 {¶ 16} The instant action is analogous to that in Richards, supra. Here, plaintiffs sought the discovery of the patients' billing statements in an effort to establish Dr. Hababi's alleged motive to supplement his income by performing unnecessary procedures on patients with Medicare or Medicaid. Plaintiffs sought *Page 8 
discovery of information pertaining to non-party surgical patients where the plaintiffs' claims are similarly based on alleged unnecessary surgeries. Such information, in the least, would lead to admissible evidence establishing the necessary elements of plaintiffs' causes of action. Moreover, such evidence responds to alleged defenses, aids in establishing plaintiffs' claims for punitive damages, and replies to defendants' motion for summary judgment in that regard. Accordingly, as in Richards, we find such information is necessary to further a countervailing interest that outweighs the non-parties' privilege.
 {¶ 17} Additionally, the trial court provided for protection against disclosure of the identity of the non-party patients and included language against indiscriminate dissemination of the information sought to be discovered by ordering the deposition be sealed. In its judgment entry granting plaintiffs' motion to compel, the court added the following language: "Deposition transcript to be sealed by order of the court and subject to disclosure only by further order of the court in connection with trial." Under these circumstances, the trial court did not err in granting plaintiff's motion to compel and in ordering Dr. Halabi to testify.
 {¶ 18} Defendants further argue that questions regarding billing statements of non-party patients discloses medical information that is protected under the Health Insurance Portability and Accountability Act ("HIPAA"). We disagree.
 {¶ 19} Generally, HIPAA prohibits health care providers from disclosing a patient's personal health information without their consent. 45 C.F.R. 164.508(a). *Page 9 
HIPAA, however, permits disclosure when the healthcare provider is ordered by the court. 45 C.F.R. 164.512(e) states in pertinent part:
 {¶ 20} "(1) Permitted disclosures. A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:
 {¶ 21} "(i) In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order; * * *."
 {¶ 22} In this case, the trial court issued a written order, limits the information sought to only Dr. Halabi's finances and income, and provides for protection against the dissemination of that information. Accordingly, the order does not violate HIPAA and defendants' argument in this regard is without merit.
 {¶ 23} Finally, defendants assert that questions regarding Dr. Halabi's finances are irrelevant and constitute an invasion of his privacy. We disagree. The information sought is relevant and reasonably calculated to lead to admissible evidence.
 {¶ 24} As previously briefly mentioned, we review the trial court's decisions on the management of discovery matters under an abuse of discretion standard. Roe v. Planned Parenthood Southwest OhioRegion, supra. The complaining party must establish a clear and prejudicial abuse of discretion that materially prejudices the party.O'Brien v. Angley (1980), 63 Ohio St.2d 159, 163, 407 N.E.2d 490. Absent an abuse of discretion, an appellate court may not overturn the trial court's ruling on *Page 10 
discovery matters. Feichtner v. Cleveland (1994), 95 Ohio App.3d 388,397, 642 N.E.2d 657 citing Vinci v. Ceraolo (1992), 79 Ohio App.3d 640,607 N.E.2d 1079.
 {¶ 25} "Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. The Supreme Court of Ohio has explained this standard as follows:
 {¶ 26} "An abuse of discretion involves far more than a difference in * * * opinion * * *. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an `abuse' in reaching such a determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." Huffman v. HairSurgeon, Inc. (1985), 19 Ohio St.3d 83, 87, 482 N.E.2d 1248.
 {¶ 27} Civ.R. 26(B)(1) states in relevant part:
 {¶ 28} "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery . . . It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Page 11 
 {¶ 29} The relevancy test pursuant Civ.R. 26(B)(1) "is much broader than the test to be utilized at trial. [Evidence] is only irrelevant by the discovery test when the information sought will not reasonably lead to the discovery of admissible evidence." Tschantz v. Ferguson (1994),97 Ohio App.3d 693, 715, 647 N.E.2d 507, citing Icenhower v.Icenhower (Aug. 14, 1975), Franklin App. No. 75AP-93. Under this broad discovery test, questions regarding Dr. Hababi's finances and income are relevant and therefore discoverable. Plaintiffs sought the discovery of Dr. Hababi's finances in an effort to establish his alleged motive to supplement his income by performing unnecessary procedures on patients with Medicare or Medicaid. In the least, such information is necessary to lead to admissible evidence that may establish plaintiffs' claims. Moreover, such evidence counters asserted defenses, assists in establishing plaintiffs' claims for punitive damages, and responds to defendants' motion for summary judgment in that regard. Svoboda v. ClearChannel Communications, Inc., Lucas App. No. L-02-1149, 2003-Ohio-6201
(discovery of defendant's finances and income for punitive damage claim is permitted as it may lead to admissible evidence.) Accordingly, the judgment of the trial court is affirmed.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. *Page 12 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, P.J., CONCURS. PATRICIA ANN BLACKMON, J., DISSENTS (SEE ATTACHED DISSENTING OPINION)