[Cite as *Hart v. Alamo Rent A Car*, 195 Ohio Ap.3d 167, 2011-Ohio-4099.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95900**

# HART ET AL.,

APPELLEES,

v.

# ALAMO RENT A CAR ET AL.,

APPELLANTS.

**JUDGMENT:
AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-689258

**BEFORE:** Stewart, P.J., Celebrezze, J., and Rocco, J.

The DiCello Law Firm, Mark A. DiCello, Robert F. DiCello, and Mark A. Schneider,

for appellees Dawn M. Hart, Timothy J. Hart, and Timothy J. Hart Jr.

Kreiner & Peters Co., L.P.A., and Shaun D. Byroads, for appellee United Healthcare.

Hermann, Cahn & Schneider, L.L.P., Hunter Scott Havens, and Melany K. Fontanazza, for appellants.

MELODY J. STEWART, Presiding Judge.

{¶ 1}  Defendants-appellants, Alamo Rent A Car, National Rental, Inc., and Vanguard Car Rental USA, Inc. ("the rental companies"), appeal from the trial court's orders denying their motion for a protective order and granting the motion to compel of plaintiffs-appellees Dawn M. Hart ("Hart") and Timothy J. Hart.  Hart seeks discovery of the Social Security number of a nonparty, Jason Chang, a former employee of the rental companies, to locate him and obtain his testimony.

{¶ 2}  Hart, as guardian of Timothy J. Hart Jr. ("Timothy"), brought a personal-injury action against the rental companies, when Timothy suffered a severe brain injury after becoming trapped under a rental vehicle that required roadside assistance.  Timothy last spoke to former rental companies' employee Chang by telephone before the incident, but the content and nature of their discussion remain unknown.

{¶ 3}  Hart asserts that the subject matter of the discussion with Chang could be dispositive of liability in the underlying cause of action because Chang could have deviated from company policy, given erroneous advice to Timothy regarding the correct action to be taken under the circumstances, or received improper training to manage incidents requiring

roadside assistance.  Consequently, when the rental companies refused to produce Chang's Social Security number for the limited purpose of locating Chang to obtain testimony, Hart filed a motion to compel the rental companies to make the information available.  Hart argues that Chang's Social Security number is not privileged and falls within the scope of discovery, and she warrants that she will take all reasonable steps to keep the information confidential.

{¶ 4}  The rental companies thereafter moved the trial court for a protective order to prevent the release of the Social Security number and insist that it is confidential as well as protected by state and federal privacy law.  The rental companies explain that they have provided Chang's last-known address, phone numbers, and date of birth to Hart and that their exhaustive efforts to locate Chang while using the Social Security number have been futile. The rental companies assert that they lack Chang's consent to release the information and that they are prohibited from producing the information by law and could incur adverse legal repercussions if they violate these directives.  As a final point, the rental companies insist that Hart presents no law to bolster her assertion that the nonparty's Social Security number is in fact discoverable.

{¶ 5}  On September 22, 2010, the trial court granted Hart's motion to compel and denied the rental companies' motion for a protective order, with the related journal entry specifically conditioning that "[p]laintiffs must agree to a confidentiality agreement."

{¶ 6}  "[W]e review a trial court's decision regarding the management of discovery under an abuse of discretion standard."  *Cepeda v. Lutheran Hosp.,* 8th Dist. No. 90031, 2008-Ohio-2348, at ¶ 9.  An abuse of discretion " 'connotes more than an error of law or

judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' " *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, quoting *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.

**{¶ 7}** Matters that are not privileged are discoverable if they are relevant to the pending action and relate to the claim or defense of the inquiring party. Civ.R. 26(B)(1). "Ohio Courts have permitted discovery of confidential information to further a countervailing interest only if the non-party['s] * * * identity is sufficiently protected." *Cepeda* at ¶ 11.

**{¶ 8}** Civ.R. 37(A) authorizes and governs motions to compel discovery and provides: "(2) Motion. If a deponent fails to answer a question propounded or submitted * * * or a party fails to answer an interrogatory submitted * * * the discovering party may move for an order compelling an answer * * * in accordance with the request." Civ.R. 37(A)(2). In addition, Civ.R. 26(C) allows the trial court to grant protective orders regarding discovery in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Civ.R. 26(C). "The decision to grant or deny a protective order is within the trial court's discretion." *Stanton v. Univ. Hosps. Health Sys., Inc.,* 166 Ohio App.3d 758, 2006-Ohio-2297, 853 N.E.2d 343, at ¶ 8.

**{¶ 9}** In modern society, Social Security numbers play a unique role in the identification, authentication, and scrutinizing of the populace. Privacy concerns abound because Social Security numbers are very clearly a tool that is often used to invade privacy and to commit crimes such as identity theft and fraud.

{¶ 10} While neither the United States nor the Ohio Constitution "specifically mentions an inherent right to privacy, * * * Ohio courts, like the United States Supreme Court, have established that an inherent right exists." *Doe v. Univ. of Cincinnati* (1988), 42 Ohio App.3d 227, 231, 538 N.E.2d 419. The constitutional right to privacy includes "the individual interest in avoiding disclosure of personal matters." *Whalen v. Roe* (1977), 429 U.S. 589, 599, 97 S.Ct. 869, 51 L.Ed.2d 64. Presently there exists a hodgepodge of statutory enactments, court rules, and decisions regarding constitutional rights of privacy pertaining to the nondisclosure of Social Security numbers. Even so, numerous trial and appellate courts have required civil litigants to disclose Social Security numbers in the confines of discovery.[1]

{¶ 11} In one instance, a plaintiff filed a motion to compel production of Social Security numbers from an employer to facilitate contacting "previously unreachable individuals." *Jackson v. Papa John's USA, Inc.* (Apr. 15, 2009), N.D. Ohio No. 1:08-CV-2791, 2009 WL 1011105. The court in this instance used a balancing test that entailed "weighing the plaintiffs' need for Social Security numbers * * * against the privacy interests [of absent individuals]." Id. at * 2; *Gieseke v. First Horizon Home Loan Corp.* (Feb. 7, 2007), D.Kan.No. 04-2511-CM-GLR. "This balancing test consider[ed] the highly personal and confidential nature of social security numbers and the harm that can flow from

---

[1] See *NBA Properties, Inc. v. Untertainment Records, L.L.C.* (Dec. 6, 1999), S.D.N.Y. No. 99 Civ. 2933 (disclosure of Social Security number of potential witness permitted when he could not be located by last known address); *Busse v. Motorola, Inc.* (2004), 351 Ill.App.3d 67, 813 N.E.2d 1013 (Social Security numbers are not private or confidential); *Fulmore v. Howell* (2008), 189 N.C.App. 93, 657 S.E.2d 437 (compelled discovery of truck driver's Social Security number); cf. *J. P. v. DeSanti* (C.A.6, 1981), 653 F.2d 1080 ("we conclude that the Constitution does not encompass a general right to nondisclosure of private information."); *Cline v. Rogers* (C.A.6, 1996), 87 F.3d 176; but see *McDougal-Wilson v. Goodyear Tire & Rubber Co.* (May 24, 2005), E.D.N.C. No. 5:04-CV-33-BO(2) (production of Social Security numbers not compelled to help locate former employees in employment-discrimination action).

disclosures, then balance[d] it against the plaintiff's need for the information * * *." Id. When using this test, courts will not require a Social Security number to be produced unless a plaintiff makes a showing that the unavailable person could be contacted by the use of less private information. In other words, the requesting party must provide "a convincing rational[e] to explain why the production of such sensitive information is needed." Id., citing *Lee v. ABC Carpet & Home* (May 9, 2008), S.D.N.Y. No. 00 Civ. 0984(DAB), 2008 WL 2073932.

{¶ 12} *Papa John's* also noted that " 'providing sensitive personal data such as a social security number is not to be done lightly. Nor should people who appear to have no or little interests in joining the lawsuit be faced with the possibility of being contacted by telephone or having additional personal information released.' " Id. at *3, quoting *Vennet v. Am. Intercontinental Univ. Online* (Apr. 5, 2006), N.D.Ill.E.D. No. 05 C 4889, 2006 WL 908030, *3.

{¶ 13} Therefore, this court assumes the undertaking of balancing nonparty Chang's countervailing privacy concern of nondisclosure of his Social Security number against Hart's significant interest in compelling disclosure of the information to try to locate Chang and obtain his testimony.

{¶ 14} Hart justifies her request for disclosure of Chang's Social Security number by arguing that it is the best information available with which to locate Chang, the last party to speak with Timothy, and whose testimony is essential to ascertain the sequence of events leading to Timothy's injury. She additionally asserts that the interests of justice outweigh any

privacy interests that Chang may have. Finally, Hart opines that the laws prohibiting disclosure of the Social Security number pertain to governmental agencies and do not shield the rental companies from compliance with the discovery request.

{¶ 15} In contrast, the rental companies take issue with releasing the Social Security number and rely upon former employee Chang's privacy rights as well as the absence of Chang's consent to allow delivery of the requested data. To demonstrate the futility of using the identifying number, the rental companies point to their own comprehensive, yet barren, efforts to locate Chang while using his Social Security number. Last, they cite an abundance of law that is marginally associated with disclosure of Social Security numbers by private entities in support of nondisclosure.

{¶ 16} In this instance, Hart's interest in disclosure of the Social Security number outweighs nonparty Chang's interest in confidentiality. Relinquishing the requested Social Security number, made within the confines of the discovery process, is paramount to Hart's legitimate interests in pretrial discovery and is minimally intrusive to Chang's privacy interests. The harm likely to result from the disclosure of the requested information is negligible because the trial court has incorporated a confidentiality agreement to the request; it is improbable that the Social Security number will be disseminated publicly. The cases relied upon by the rental companies are not binding on this court and are readily distinguishable to reinforce the reality that governmental (as opposed to private) disclosure of Social Security numbers is prohibited by law.

{¶ 17} The trial court did not abuse its discretion.

Judgment affirmed.

CELEBREZZE and ROCCO, JJ., concur.